UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CLEVELAND ROPER

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE PAUL DAWKINS [TAX REG # 953803], LIEUTENANT JASON DEONARINESINGH [TAX REG # 936469} and JOHN AND JANE DOES 1-5 (the names John and Jane Does being fictitious as their true names are presently unknown),

Defendants.
------------------------------------------------------x

26-cv-1425 (DG) (LKE)

**AMENDED COMPLAINT**

**JURY DEMAND**

Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, The City of New York, Detective Paul Dawkins, Lieutenant Jason Deonarinesingh and John and Jane Does 1-5 (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, malicious prosecution and use of excessive force against Plaintiff and otherwise, for the violation of plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief

is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## COMPLIANCE WITH N.Y. GEN. MUNICIPAL LAW REQUIREMENTS

6. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City, in compliance with General Municipal Law Section 50.

7. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

8. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## PARTIES

9. Plaintiff, a black male, is a resident of the City of New York, County of Queens and State of New York.

10. Defendant, The City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police

officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

11. Defendant Detective Dawkins, Tax Reg # 953803, was at all material times herein a police officer and detective employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant Lieutenant Deonarinesingh, Tax Reg # 936469, was at all material times herein a police officer and detective employed by the NYPD. He is named here in his official and individual capacities.

13. Upon information and belief, defendants John and Jane Does 1-5 were police officers employed by defendant City of New York.

14. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

The February 5, 2025 Incident:

15. On or about February 5, 2025, at approximately 10:30 a.m., defendant officers, acting in concert, arrested plaintiff without probable cause at or within the vicinity of Snedeker Avenue and Dumont Avenue, Brooklyn, New York, and charged plaintiff with various crimes.

16. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

17. Prior to the arrest, plaintiff was walking on the public street when about four police officers approached plaintiff and told the plaintiff that they would want him to be a confidential informant for the police department.

18. Plaintiff told the officers that he was not interested in working as a confidential informant for them, and plaintiff continued to walk along the public street.

19. The officers followed plaintiff and continued to call out to him to accept their offer to be a confidential informant.

20. When plaintiff continued to decline their offer to become a confidential informant, the officers began to threaten plaintiff by telling him that they would make things very difficult for plaintiff and would get him into a lot of trouble.

21. Notwithstanding the threats by the officers, plaintiff declined their offer to become a confidential informant and continued to walk along the public street while the officers continued to follow him.

22. When plaintiff got to the intersection of Williams Avenue and Dumont Avenue, the officers jumped at plaintiff, grabbed, punched and choked plaintiff.

23. Then the officers slammed plaintiff on the ground and kicked him several times.

24. One of the officers had his knee on plaintiff's back.

25. The officers searched plaintiff and although they did not find anything illegal on him, they arrested plaintiff.

26. Notwithstanding the above, the officers tightly handcuffed the plaintiff causing plaintiff to suffer pain, numbness and bruises to the wrists.

27. Eventually, the defendant officers forcibly placed the plaintiff in their police vehicle and transported to the 75th precinct where he was fingerprinted, photographed and detained in a holding cell.

28. While at the precinct, the defendant officers further subjected plaintiff to an illegal

and unlawful search.

29. Thereafter, the plaintiff was taken to Central Booking where he was further detained for many hours while awaiting arraignment.

30. At some point following his arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

31. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff committed the charged offense(s), and later forwarded to the prosecutors their falsified police records and reports.

32. Defendant Officers commenced and/or caused to be commenced a criminal prosecution of plaintiff by signing a sworn criminal court complaint charging plaintiff with Criminal Possession of Controlled Substance with Intent to Sell in the Seventh Degree, among other charges.

33. The allegations against the plaintiff by the defendant officers were totally false and upon arraignment, the plaintiff plead "not guilty".

34. Nevertheless, the plaintiff was compelled to return to court on further occasions in defense of said charges and was restricted in his liberty and travel.

35. On July 18, 2025, said criminal charges were dismissed and the criminal proceeding was terminated in the plaintiff's favor. The Kings County Criminal Court Docket Number is "CR-006042-25KN.

The August 12, 2025 Incident:

36. On or about August 12, 2025, at approximately 5:00 p.m., plaintiff was walking on Blake and Alabama Avenues when about three police officers came down from an unmarked

vehicle and grabbed plaintiff.

37. The officers beat plaintiff on different parts of his body. One officer struck plaintiff with a baton.

38. The officers slammed plaintiff on the ground and while plaintiff was on the ground, one of the officers stumped on plaintiff a few times.

39. Then the officers told plaintiff that what they had done to him was a message from the officers who had asked plaintiff to become an confidential informant, a request which plaintiff had declined.

40. Thereafter, the officers left plaintiff on the ground and got into their vehicle and drove away.

41. Plaintiff suffered serious pain to his stomach and colon as a result of the assault by the officers and plaintiff went to St. John's Hospital the next day.

42. That each and every officer who was present at the location of plaintiff's arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

43. Plaintiff suffered and continues to suffer physical injury, emotional distress, fear, humiliation, embarrassment, shock, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

44. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United

States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

45. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

**FIRST CAUSE OF ACTION: FALSE ARREST AND IMPRISONMENT (42 U.S.C. § 1983)** - against defendant officers

46. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

47. Defendant officers arrested the plaintiff and caused him to be imprisoned without probable cause or reasonable grounds.

48. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment.

49. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**SECOND CAUSE OF ACTION: UNLAWFUL SEARCH & SEIZURES (42 U.S.C. § 1983) - against defendant officers**

51. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

52. The defendant officers searched or caused the plaintiff and/or his property to be searched without any individualized reasonable suspicion that he was concealing weapons or

contraband.

53. The conduct of defendant officers, as described herein, amounted to an improper and unlawful search and seizure.

54. The foregoing unlawful search violated plaintiff's right to privacy guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

55. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION (42 U.S.C. § 1983 )** - against defendant officers

56. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

57. Defendant officers forwarded to the prosecutors their falsified records and statements. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

58. Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crimes.

59. Plaintiff was required to, and did, appear in court to defend himself from the false charges levied against him with malice by defendants.

60. Because of the conduct of the defendants, the plaintiff was maliciously prosecuted. Eventually, the criminal proceedings terminated in plaintiff's favor.

61. The conduct of defendant officers, as described herein, amounted to malicious

prosecution.

62. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

63. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**FOURTH CAUSE OF ACTION: EXCESSIVE FORCE (42 U.S.C. § 1983) - against defendant officers**

64. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

65. Defendants' use of force against plaintiff was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted the defendants.

66. The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

67. The foregoing conduct of the defendants violated plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL (42 U.S.C. § 1983) - against defendant officers**

69. Plaintiff incorporates by reference the allegations set forth in all preceding and

following paragraphs as if fully set forth herein.

70. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

71. In addition to other things, defendant officers falsely stated to the prosecutors that the plaintiff was observed to be street gambling and manipulating 3 cards on top of a cardboard box with the intent to defraud another and was observed exchanging U.S. currency with other participants.

72. The plaintiff was deprived of his liberty as a result.

73. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

74. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

75. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SIXTH CAUSE OF ACTION: FAILURE TO INTERVENE (42 U.S.C. §1983) - against defendant officers</u>

76. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

77. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, as more fully detailed above.

78. Nonetheless, each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

79. The conduct of the defendant officers, as described herein, violated plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

80. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SEVENTH CAUSE OF ACTION
**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

81. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

82. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

83. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

84. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are

members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

85. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

86. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

87. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

88. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern

District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

89. As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

90. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

91. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

92. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

**EIGHT CAUSE OF ACTION: TORTS - ASSAULT AND BATTERY**

93. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

94. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included grabbing him violently and yanking his headset off his head. The use of physical force against plaintiff was willful and unwarranted.

95. By reason of and as a consequence of the assault detailed above, plaintiff suffered

physical and mental injuries.

**NINTH CAUSE OF ACTION: TORTS - FALSE ARREST/FALSE IMPRISONMENT**

96. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

97. Plaintiff was wrongfully, unlawfully and unjustifiably arrested, detained, charged with crime and deprived of his liberty against his will, and was imprisoned by defendant officers.

98. Following his arrest, plaintiff was wrongfully harassed, threatened, strip searched and subjected to the taking of mug shots and fingerprinting.

99. The false and unlawful arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against his will.

100. Upon information and belief, the John Doe officers were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

101. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

**TENTH CAUSE OF ACTION: UNDER NEW YORK STATE CONSTITUTION**

102. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

103. By arresting, detaining and prosecuting plaintiff without probable cause or reasonable suspicion, and assaulting plaintiff and using excessive force against them, the defendant officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

104. In addition, the defendant officers conspired among themselves to deprive plaintiff of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

105. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

106. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

107. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

**ELEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City.**

108. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

109. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification

procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

110. Upon information and belief, Defendant City failed to properly screen, hire and/or retain the defendant officers.

111. Upon information and belief, Defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

112. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

113. Upon information and belief, the defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

114. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be

determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
July 15, 2026

/s/

Philip Akakwam
Law Office of Philip Akakwam, P.C.
Attorneys for the Plaintiff
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488